151 F.3d 1032
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Willie HARRIS, Plaintiff-Appellant,
v.
Craig HANKS et al., Defendants-Appellees.
 No. 96-1993.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 29, 1998.*
Decided Aug. 6, 1998.
 
 Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division, No. 94 C 121. Gene E. Brooks, Judge.
 Before Hon. RICHARD A. POSNER, Hon. WILLIAM J. BAUER and Hon. DANIEL A. MANION, Circuit Judges.
 ORDER
 BROOKS, J.
 
 
 1
 Willie Harris filed an action under 42 U.S.C. § 1983 against Craig Hanks, Gerald Dutton, and Drs. Ton and Kim, who are respectively superintendent, health care administrator, and physicians at the Wabash Valley Correctional Center in Carlise, Indiana. Harris alleged that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide adequate treatment for severe pain he continually experienced in a mutilated finger. The district court held that Harris had failed to allege facts sufficient to state a claim with respect to Drs. Ton and Kim; accordingly, the court dismissed the case against those two defendants. The district court held that Harris failed to raise a genuine issue of material fact with respect to Hanks and Dutton, and granted those defendants' motion for summary judgment. We affirm.
 
 Background
 
 2
 Willie Harris, presently incarcerated at the Indiana State Prison in Michigan City, Indiana, initially was incarcerated at the Wabash Valley Correctional Center in October of 1993. Harris alleges that three years prior to his incarceration, he was shot in his left index finger. While at Wabash, Harris was examined and treated on numerous occasions by Drs. Ton and Kim. Harris alleges that he informed the two physicians that he was experiencing severe pain in his finger and discussed with them the possibility of having the finger operated on or amputated. He alleges that he was told that an "appointment for operation would be set" as soon as the "Central [O]ffice [D]ept. Corr." approved the procedure.
 
 
 3
 Referring, apparently, to the proposed operation, Harris alleges that "nothing never [sic] taken place" However, he acknowledges that he was given medication for the finger on numerous occasions. Iberet was prescribed on one occasion in 1993, and Ibuprofen and Zostrix were prescribed on at least seven occasions during the first six months of 1994.
 
 
 4
 In his complaint and amended complaint, Harris alleged that the defendants' treatment of his finger was inadequate and resulted in "unbearable" physical and emotional pain over a year-long period, thereby constituting cruel and unusual punishment in violation of the Eighth Amendment. The district court dismissed Drs. Ton and Kim from the suit on the grounds that even if the facts Harris had alleged were true, he had alleged no more than negligence on their part.
 
 
 5
 Hanks and Dutton filed a motion for summary judgment. Having denied various requests from Harris for an enlargement of time and appointment of counsel, the district court granted summary judgment in favor of Hanks and Dutton. Harris appeals all of the district court's rulings: the grant of the physicians' motion to dismiss; the grant of summary judgment in favor of Hanks and Dutton; and the denials of Harris's requests for counsel and for an additional enlargement of time.
 
 ANALYSIS
 
 6
 The Eighth Amendment proscribes cruel and unusual punishments. Prison officials violate the Eighth Amendment "when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.' " Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir .1997) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The standard involves "both an objective element and a subjective element." Id. In the context of medical care, "the objective element requires that the inmate's medical need be sufficiently serious." Id., 111 F.3d at 1369. The subjective element requires that an official act with a " 'sufficiently culpable state of mind": he must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety; he must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 834, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).
 
 I. Summary Judgment for Hanks and Dutton
 
 7
 We review a grant of summary judgment de novo; the record and all inferences drawn therefrom will be viewed in the light most favorable to Harris, the non-movant. See Johnson v. City of Ft. Wayne, 91 F.3d 922, 930 (7th Cir.1996). A court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 8
 Harris, suffering from the consequences of a gunshot wound, appears to have been willing to have his finger amputated. Indeed, he requested that the district court provide relief in the form of an order for treatment or amputation. Harris claimed to have experienced constant severe pain, which is a sufficiently serious medical condition to satisfy the objective element of the deliberate indifference standard. See Estelle, 429 U.S. at 103 (unnecessary pain and suffering may be sufficiently serious for the purposes of an Eighth Amendment claim). The deliberately indifferent denial of treatment for such pain would be " 'repugnant to the conscience of mankind' and offensive to 'evolving standards of decency.' " Gutierrez, 111 F.3d at 1371 (quoting Estelle, 429 U.S. at 106).
 
 
 9
 We agree with the district court's determinations that Harris failed to present a material issue of fact with respect to any personal involvement by Hanks or Dutton. Harris has failed to come forward with any evidence at all that either Hanks or Dutton were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [that they also drew] the inference." Farmer, 511 U.S. at 837. Harris has failed to demonstrate that Hanks or Dutton were personally involved in deciding what kind of health care would be provided to him or in any other decision or action pertinent to the condition of his finger. "[T]here must be individual participation and involvement by a defendant, and ... the concept of respondeat superior cannot be the basis of a claim under § 1983." Del Raine v. Williford, 32 F.3d 1024, 1047 (7th Cir.1994). Nothing in the record can be construed as even remotely suggesting that Hanks or Dutton knowingly disregarded Harris's pain, and therefore we affirm the district court's decision to grant Hanks' and Dutton's motion for summary judgment.
 
 II. Dismissal as to Ton and Kim
 
 10
 "We review de novo a district court's 12(b)(6) dismissal ... accept[ing] as true all facts alleged in the complaint and draw[ing] all reasonable inferences from them in the plaintiff's favor." Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir.1997). " 'A suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim.' " Gutierrez v. Peters, 111 F.3d 1364, 1367 n. 2 (7th Cir.1997) (quoting Graehling v. Village of Lombard, 58 F.3d 295, 297 (7th Cir.1995)). Moreover, a district court "must construe pro se pleadings liberally." Hudson v. McHugh, No. 97-1437, slip op. at 8 (7th Cir. July 8, 1998).
 
 
 11
 Harris' complaint acknowledges that the doctors prescribed medicine for his finger on seven different occasions. We have frequently stated that "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." Gutierrez, 111 F.3d at 1374. " 'Mere negligence or even gross negligence does not constitute deliberate indifference.' " Soto v. Johansen, 137 F.3d 980, 981 (7th Cir.1998) (quoting Snipes v. DeTella, 956 F,3d 586, 590 (7th Cir .1996)).
 
 
 12
 The district court's conclusion that "at best, [Harris] has alleged negligence," is perhaps not quite accurate. Harris' complaint alleges that Dr. Ton "denied [sic] to set appointments for ... operations and [to] give plaintiff the required medical medication to relieved [sic] the serious pain ... [F]urthermore ... Dr. Ton violated [plaintiff's] clearly established constitutional rights intentionally or with reckless disregard for these rights." Taken alone, these statements might have sufficed to set forth an actionable claim. "Plaintiffs need not plead facts or legal theories; it is enough to set out a claim for relief.... A complaint may not be dismissed unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.' " Nance v. Vieregge, No. 96-1822, slip op. at 2-3 (7th Cir. June 17, 1998) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)).
 
 
 13
 Nevertheless, Harris has pleaded additional facts that undermine his allegations. "[B]y going beyond the bare minimum, a plaintiff may plead herself out of court." Warzon v. Drew, 60 F.3d 1234, 1239 (7th Cir.1995). Even if we assumed that the doctors did conclude that an operation was necessary, the facts narrated by Harris would negate his own claim that the doctors were personally responsible for the ultimate failure to arrange an operation. Harris' statement of facts specifically alleges that he "was told appointment for operation would be set, trip to outside Hospital after approval from Central [O]ffice Corr. [D]ept." (italics added). Harris' admission that the two doctors frequently prescribed medicine for his finger, coupled with his statement that they conditioned the possibility of an operation on approval from the Central Office, contradict his allegation that they themselves (rather than officials, say, at the Central Office) were motivated by deliberate indifference towards his medical needs. See Del Raine, 32 F.3d at 1047; Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir.1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."). Thus, since Harris' allegation of intentional inaction is contradicted by his own statement of facts, we affirm the district court's judgment in favor of the motion to dismiss the complaint with respect to Drs. Ton and Kim.
 
 
 14
 III. Appointment of Counsel and Enlargement of Time
 
 
 15
 Harris also claimed that the district court erred in denying his request for the appointment of counsel. "We reverse a district court's refusal to make an appointment of this sort only ... if, given the difficulty of the case and the litigant's ability, she could not obtain justice without an attorney, she could not obtain a lawyer on her own, and she would have had a reasonable chance of winning with a lawyer at her side." Forbes v. Edgar, 112 F.3d 262, 264 (7th Cir.1997) (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.1993)). Whether the indigent litigant is competent to represent himself is within the district court's discretion, "which we will override only when it should have been plain beyond doubt before the trial began that the difficulty of the issues relative to the capabilities of the litigant would make it impossible for him to obtain any sort of justice without the aid of a lawyer...." Farmer, 990 F.2d at 322. The district court regarded the issues in Harris's case as being relatively clear, and noted that Harris had "presented his claim in a proper fashion." (R. 31.) A review of the record confirms these findings; moreover, documents submitted by Harris, in his own handwriting, belie his claim that he is "illiterate." Thus, the district court did not abuse its discretion in denying Harris's request for the appointment of counsel.
 
 
 16
 The decision to grant an enlargement of time is similarly a matter for the district court's discretion. Reales v. Consolidated Rail Corporation, 84 F.3d 993, 996 (7th Cir.1996). Particularly in light of Harris's apparent competency (and his capacity to meet all of the preceding deadlines), the district court did not abuse its discretion in finding that Harris had failed to "show" either "cause" or "excusable neglect" in support of his request. Fed.R.Civ.Proc. 6(b). In these circumstances, given that the court "had already granted several extensions," we can say only that "there was no reason to wait any longer." Id., 84 F.3d at 997.
 
 CONCLUSION
 
 17
 Since Harris has failed to show that the district court erred in denying his requests for the appointment of counsel and for an enlargement of time, we affirm the district court's decisions with regard to these matters. Since Harris has failed to come forward with evidence that Hanks and Dutton inflicted cruel and unusual punishment on him, we affirm the district court's grant of summary judgment with respect to these two defendants. Since Harris's statement of facts does not support his allegation of deliberate indifference on the part of Drs. Ton and Kim, we also affirm the district court's judgment in favor of the motion to dismiss the complaint as to these two defendants.
 
 
 
 *
 After an examination of the briefs and record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)